# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**DOMINIQUE Y. REYES**                                                              **PLAINTIFF**

v.                                          No. 4:11-cv-133-DPM

**FAULKNER COUNTY, ARKANSAS**                                        **DEFENDANT**

## ORDER

Dominique Reyes was about eight months pregnant when she came into the hands of the Faulkner County Detention Center. She remained at the jail until about a month after she delivered a healthy baby girl. Reyes alleges that the jail's policies for taking care of pregnant inmates are constitutionally deficient, and that those deficient policies led to post-partum complications and injuries—lack of proper medication, constipation, rectal bleeding, and pain. The County seeks summary judgment, arguing no proof of deliberate indifference. Reyes says there are disputed material facts that must be tried. Reyes has not sued an officer or jail worker; she does not make the usual kind of claim: Officer Doe knew about my medical problems and ignored them.

Reyes has sued Faulkner County. She challenges, and only challenges, the County's policies head on.

1. In support of her response to the County's motion for summary judgment, Reyes included and relied on an affidavit from Dr. Carolyn Vogler. Reyes acknowledges that she did not make the expert-testimony disclosures required by Federal Rule of Civil Procedure 26. She just recently consulted Dr. Vogler. The County moves to strike Dr. Vogler's affidavit from the summary-judgment record.

We are five weeks from trial. Allowing Reyes to rely on an undisclosed expert at this late point could unfairly prejudice the County. Timely disclosure of Vogler's opinion would have allowed the County to depose Vogler, retain its own expert, or both. *Cf. Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004). The County has moved for summary judgment based on the record as it existed at the time, a record without any expert opinions. The Court nonetheless concludes that, under the circumstances, Reyes's failure to disclose was harmless because Vogler's opinions do not change the outcome on summary judgment. FED. R. CIV. P. 37(c)(1). The motion to strike is therefore denied.

**2.** Reyes's claim fails as a matter of law. The County can be liable under § 1983 if an "action pursuant to official [County] policy of some nature caused a constitutional tort." *Monell v. Department of Social Services of New York*, 436 U.S. 658, 691 (1978). Proof of the County's culpability is also required. The County has policies about detainee health care in general and about pregnant inmates in particular: the policies cover diet and basic care during pregnancy. They have no specifics about post-partum care, which would therefore be covered by the policy provisions about medical care in general. For example, if Reyes's doctor prescribed medicine for her post-partum care, general policies were in place to ensure Reyes received her medication at the proper time and in the prescribed dose. *Document No. 33-2, at 6–7*. The policies further required the jail staff to review the results of Reyes's outside medical appointments, report those findings to the jail's doctor, and strictly comply with any aftercare instructions. *Document No. 33-2, at 3 & 5*. The policies do not violate federal law on their face. Reyes must therefore present evidence that the County acted with deliberate indifference to the "known or obvious consequences" of its policies. *Board of County Commissioners v. Brown*, 520 U.S. 397, 407 (1997).

Reyes has offered no proof about deliberate indifference. Showing that the County was negligent—or even grossly negligent—in maintaining an inadequate medical policy for pregnant jail detainees is not sufficient. *Ibid.* "If a program does not prevent constitutional violations, municipal decisionmakers may eventually be put on notice that a new program is called for. Their continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action—the 'deliberate indifference'—necessary to trigger municipal liability." *Ibid.* But here, Reyes has focused exclusively on showing that the medical policies were *per se* constitutionally insufficient and that the insufficient policies caused her injury. There is no evidence of deliberate indifference.

It is not enough that the County negligently kept inadequate policies in place. If the County was aware that the policies were inadequate—perhaps because other women had suffered complications like Reyes's—and nonetheless kept the policies in place, there might be a basis for liability. Reyes has offered no such evidence. Without any showing of deliberate indifference, Reyes's § 1983 claim fails as a matter of law.

* * *

Motion to strike, *Document No. 41*, denied.  Motion for summary judgment, *Document No. 31*, granted.  Reyes's complaint is dismissed with prejudice.  The Court thanks Reyes's appointed counsel for his work representing her.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

27 April 2012